**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CARLYLE WATSON,            :

               :

         Petitioner,   :

               :

     v.            :

               :

TERRY MOORE,            :

               :

         Respondent.  :

**Hon. Dennis M. Cavanaugh**

Civil No. 04-0880 (DMC)

**O P I N I O N**

**APPEARANCES:**

> CARLYLE WATSON, #453845B
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey  07065
> Petitioner pro se

> IAN S. CLEMENT, Deputy Attorney General
> PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY
> Division of Criminal Justice - Appellate Bureau
> P.O. Box 086
> Trenton, New Jersey  08625
> Attorneys for Respondents

**CAVANAUGH**, District Judge

     Carlyle Watson filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a) challenging a judgment of conviction in the Superior Court of New Jersey.  Respondents

filed an Answer, arguing that the Petition should be dismissed as untimely and on the merits.  For

the reasons expressed below, the Court dismisses the Petition with prejudice as untimely, and

declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on May 12, 1989, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of knowing and purposeful murder, murder while committing a kidnaping, murder while committing a robbery, and possession of handguns for an unlawful purpose.  The Law Division merged the weapons conviction with the murder convictions and sentenced Petitioner to concurrent custodial terms of life with a minimum of 30 years for each of the murder convictions.  Petitioner appealed, and in an opinion filed on December 18, 1992, the Appellate Division of the Superior Court of New Jersey affirmed the convictions, merged the felony murder convictions into the conviction for purposeful and knowing murder, vacated the sentences imposed for felony murder, and remanded for correction of the judgment of conviction.  State v. Watson, 261 N.J. Super. 169, 181 (App. Div. 1992).  On April 29, 1993, the Supreme Court of New Jersey denied certification.  State v. Watson, 133 N.J. 441 (1993) (table).

Petitioner thereafter executed and filed an undated pro se petition for post conviction relief.  According to the prosecutor's letter brief filed in opposition to the petition, Petitioner filed the petition on May 24, 1999.[1]  (Re9 at 4.)  The Law Division denied relief by order entered March 29, 2000.  Petitioner appealed, and in an opinion filed February 10, 2003, the Appellate Division affirmed the order denying post conviction relief.  State v. Watson, No. A-4729-00T4 slip op. (App. Div. Feb. 10, 2003).  On June 5, 2003, the Supreme Court of New Jersey denied certification.

--------

[1] None of Petitioner's filings in this Court or the New Jersey courts specify the date on which the petition for post conviction relief was filed.

2

Petitioner executed the Petition which is now before the Court on February 10, 2004.

The Clerk received it on February 24, 2004.  The Court notified Petitioner of the consequences of

filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and

gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents nine grounds:

> Ground One:  THE STATUTE, N.J.S.A. 2C:4-2, DEFINING THE
> DEFENSE OF MENTAL DISEASE OR DEFECT, ON ITS FACT
> AND AS CHARGED TO THE JURY, SHIFTED THE BURDEN
> OF PROOF TO THE PETITIONER IN VIOLATION OF HIS
> RIGHT TO DUE PROCESS OF LAW.
>
> Ground Two:  THE STATEMENTS TAKEN FROM
> PETITIONER WERE NOT VOLUNTARILY MADE AND
> THEIR ADMISSION INTO EVIDENCE DEPRIVED HIM OF
> DUE PROCESS OF LAW AND VIOLATED HIS PRIVILEGE
> AGAINST SELF-INCRIMINATION.
>
> Ground Three:  THE COURT BELOW ERRED IN NOT
> GRANTING THE MOTION TO SUPPRESS SINCE THE
> WARRANTLESS SEARCH OF THE PETITIONER VIOLATED
> THE PROTECTION GUARANTEED BY THE FEDERAL AND
> NEW JERSEY CONSTITUTIONS.
>
> Ground Four:  THE COURT BELOW ERRED IN NOT
> GRANTING THE MOTION TO SUPPRESS SINCE THE
> WARRANTLESS SEARCH OF THE PETITIONER VIOLATED
> THE PROTECTION GUARANTEED BY THE FEDERAL AND
> NEW JERSEY CONSTITUTIONS.
>
> Ground Five:  THE TRIAL JUDGE'S FAILURE TO CONDUCT
> A HEARING OR TO INDIVIDUALLY "VOIR DIRE" THE
> JURORS AFTER RECEIVING INFORMATION THAT THE
> JURORS UTILIZED EXTRA-JUDICIAL MATERIAL DURING
> THEIR DELIBERATIONS DEPRIVED THE PETITIONER OF A
> FAIR TRIAL AND AN IMPARTIAL JURY.

Ground Six:  THE SENTENCE IMPOSED BY THE TRIAL
JUDGE IS EXCESSIVE AND INAPPROPRIATE UNDER THE
MANDATE OF THE CODE OF CRIMINAL JUSTICE,
THEREFORE IT VIOLATED PETITIONER'S DUE PROCESS
OF LAW UNDER THIS STATE'S AND THE UNITED STATES
CONSTITUTION.

Ground Seven:  TRIAL COUNSEL'S FAILURE TO PERMIT
PETITIONER TO TESTIFY AT THE Miranda Hearing
CONSTITUTED INEFFECTIVENESS OF COUNSEL.

Ground Eight:  PETITIONER WAS DENIED THE EFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL.

Ground Nine:  THE POST-CONVICTION RELIEF COURT
ERRED IN FAILING TO GRANT PETITIONER AN
EVIDENTIARY HEARING ON THE ISSUE OF
INEFFECTIVENESS OF TRIAL COUNSEL.

(Pet. ¶¶ 12.a. -12.I.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds

raised do not warrant habeas relief.  Petitioner did not file a Reply to the Answer.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28

U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

(A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
review;

(B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of

4

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  An application is " '*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the

5

prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."
LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not
sufficient.  Id.; Merritt, 326 F.3d at 168; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

 Extraordinary circumstances have been found where (1) the defendant has actively misled
the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his
rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones,
195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take
to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where
extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not
exercised reasonable diligence in attempting to file after the extraordinary circumstances began,
the link of causation between the extraordinary circumstances and the failure to file is broken,
and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon,
322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.
2000)).

 In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court
of New Jersey denied Petitioner's petition for certification on direct review by order filed April
29, 1993.  The judgment became final on July 28, 1993, the date on which the time for filing a
petition for certiorari in the United States Supreme Court expired.  See Long v. Wilson, 393 F.3d
390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. §
2244(d)(1)(A).  Because Petitioner's conviction became final prior to the effective date of the
AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996.  See Merritt
v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001);

Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Absent statutory or equitable tolling, the

limitations period expired on April 23, 1997.  See Wilson v. Beard, 426 F.3d 653, 663 (3d Cir.

2005).

Because Petitioner did not file his first state petition for post conviction relief until May

24, 1999, after the limitations period had expired, the limitations period was not statutorily

tolled.  See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on

tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384

F.3d 69, 78-79 (3d Cir. 2004) (same).  Petitioner has not argued that the limitations period should

be equitably tolled.  The Court has reviewed the submissions of the parties and discerns no

extraordinary circumstances warranting equitable tolling.

Because Petitioner's direct appeal became final prior to the enactment of the AEDPA, he

had a one-year grace period or April 24, 1997, to file his § 2254 petition.  Because Petitioner did

not file a state petition for collateral review at any time between April 24, 1997, and April 24,

1997, the limitations period was not statutorily tolled and it expired on April 24, 1997.  Petitioner

did not execute the § 2254 Petition until February 10, 2004.   Because there are no extraordinary

circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is

barred by the one-year statute of limitations.  Accordingly, the Court dismisses the Petition with

prejudice as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final

order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that

"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

DENNIS M. CAVANAUGH, U.S.D.J.

DATED: _____11 / 28_____, 2005